OLD STONE BANK

v.

Richard H. McKENNEY et al.

No. 80-387-Appeal.

Supreme Court of Rhode Island.

Feb. 11, 1983.

1. Another promissory note for $4,500 was executed pursuant to this agreement but defendant does not appeal that portion of the trial jus-

Peter Lawson Kennedy, Providence, for plaintiff.

Dennis Baluch, Providence, for defendants.

OPINION

MURRAY, Justice.

This action on a guaranty is before the court on appeal from a Superior Court judgment granting the plaintiff's motion for a directed verdict at the close of all the evidence.

On September 10, 1973, plaintiff, Old Stone Bank, entered into a loan agreement with Auburn Machine Co., a Rhode Island corporation. Pursuant to this agreement, Auburn Machine Company executed a promissory note in favor of plaintiff.[1] The note was executed for $100,000 and was personally guaranteed by defendant Richard McKenney and by Frederick W. Lowe, the two sole stockholders of Auburn Machine Company.

In September of 1975, the Auburn Machine Company went into receivership resulting in the default of the $100,000 note. The plaintiff made a demand on defendant for the $100,000, but it was refused.

The plaintiff brought suit against defendant with the action being tried on June 18 and 19, 1980, before a Providence County Superior Court jury. The defendant denied liability on the guaranty for two reasons: first, because the bank had resorted to the collateral to satisfy the note, and second, because the bank had released coguarantor Frederick W. Lowe from his guaranty on the note without defendant's knowledge or consent.

tice's judgment granting a directed verdict on the $4,500 note.

At the close of all the evidence, plaintiff moved for a directed verdict which the trial justice granted. In his bench decision, the trial justice found that defendant's two reasons for denying liability were without merit. He found that the guaranty entered into by the parties gave plaintiff the right to resort to security and satisfy as much of the obligation through the use of collateral security as possible and still maintain its right against the guarantor. Concerning defendant's contention that he did not know about or consent to plaintiff's release of the coguarantor, the trial justice ruled that

> "[i]n this case * * * Mr. McKenney consented to the release of a co-guarantor before the fact. That is part of his agreement under the guaranty with the bank. The guaranty is unequivocal that the creditor, the bank, retains the right without loss of rights to deal with any of the guarantors and alter that obligation even to the point of releasing a guarantor. Therefore * * * as a matter of law * * * regardless of what the facts are of Mr. McKenney's knowledge at the time that Lowe was released, Mr. McKenney's defense cannot be sustained in this case."

Even when viewing the evidence in the light most favorable to defendant, the trial justice concluded that plaintiff's recovery could not be defeated.

On appeal the sole issue to be addressed is whether or not the trial justice erred in granting plaintiff's motion for a directed verdict. This court has consistently stated the following with respect to a motion for a directed verdict:

> "In considering a motion for a directed verdict, this court must do what the trial justice is called upon to do in the first instance. We examine the evidence and all inferences reasonably flowing therefrom in the light most favorable to the nonmoving party. We do not consider the credibility of the witnesses or the weight of the evidence. We then determine whether or not there is evidence for the jury to consider which would warrant a finding in favor of the nonmoving party. If we conclude that there is evidence supporting that party or that there is evidence on which reasonable minds could differ, then the jury is entitled to decide the facts of the case." *Marcotte v. Harrison*, R.I., 443 A.2d 1225, 1229 (1982).

Therefore, in the case before us we must decide whether the evidence, viewed in the light most favorable to defendant, could allow reasonable minds to differ over defendant's responsibility on the guaranty.

The defendant contends that the guaranty was ambiguous in regard to the rights and responsibilities of the parties when one coguarantor seeks release from the guaranty. The applicable provision of the guaranty provides the following:

> "The undersigned hereby agrees and consents that from time to time before or after any default by the Borrower or any notice of termination hereof, with or without further notice to or assent from the undersigned, any security at any time held by or available to the Bank for any Liability of the Borrower, or any security at any time held by or available to the Bank for any obligation of any other person secondarily or otherwise liable for any of the Liabilities of the Borrower, may be exchanged, surrendered, compromised or released, and any Liability of the Borrower, or any liability or obligation of any person, may be changed, altered, renewed, extended, continued, surrendered, compromised, waived, or released in whole or in part, or any default with respect thereto waived, and the Bank may refrain from setting off and may release, in whole or in part, any balance of any deposit account or credit on its books in favor of the Borrower, or of any such other person, and may extend further credit in any manner whatsoever to the Borrower, and generally deal with the Borrower or any security or other person as the Bank may see fit, and the undersigned shall remain bound under this guaranty notwithstanding any such exchange, surrender, release, change, al-

teration, renewal, extension, continuance, surrender, compromise, waiver, inaction, extension or further credit or other indulgence or dealing."

Although somewhat verbose, the language of the guaranty is, we believe, unambiguous when it speaks to the rights and obligations of the parties upon release of one coguarantor. The guaranty gives the plaintiff the right to release a coguarantor without discharging the remaining guarantor's obligation. This holds true irrespective of whether or not the remaining guarantor consented to or was notified of the release.[2] Consequently, we find that there is no evidence on which reasonable minds could differ as the defendant is clearly responsible for the guaranty he gave to the plaintiff. Therefore, we hold that the trial justice did not err in granting the plaintiff's motion for a directed verdict at the close of all the evidence.

For the stated reasons, the defendant's appeal is denied, the order appealed from is affirmed, and the papers in this case are remanded to the Superior Court.

2. It should be noted that G.L. 1956 (1969 Reenactment) § 6A–3–606(2) allows plaintiff to reserve his rights against defendant in the event a coguarantor is released.